**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| W&G, LLC and GEORGE STRIPP, | ) | |
| | ) | FILED: JULY 22, 2008 |
| Petitioners, | ) | 08CV4166 |
| | ) Case No. | JUDGE GUZMAN |
| vs. | ) | MAGISTRATE JUDGE SCHENKIER |
| | ) Judge | |
| PAINTERS DISTRICT COUNCIL NO. 14 AND | ) | |
| ITS AFFILIATE, GLAZIERS ARCHITECTURAL | ) | TC |
| METAL AND GLASSWORKERS | ) | |
| LOCAL 27 | ) | |
| | ) | |
| Respondent. | ) | |

## PETITION TO VACATE ARBITRATION AWARD

Petitioners, W&G, LLC and George Stripp, by their attorneys, move pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §1, *et seq.* for an Order vacating an arbitration award for monetary relief entered on April 23, 2008 by the Joint Arbitration Committee and in support thereof submits its attached Memorandum In Support of Their Petition to Vacate Arbitration Award (the "W&G/Stripp Memorandum") and state:

## PARTIES AND JURISDICTION

1.      Petitioner, W&G LLC is a corporation with its principal place of business in Ypsilanti, Michigan.

2.      Petitioner, George Stripp, is an individual who resides in the State of Michigan.

3.      Respondents, Painters District Council No. 14 and its Affiliate, Glaziers Architectural Metal and Glassworkers Local 27 (collectively referred to as the "Union") have their principal places of business in Chicago, Illinois.

5624584.1 28059/120606

4. The matter in controversy exceeds $75,000.00 exclusive of interest and costs. This court may exercise jurisdiction pursuant to 28 U.S.C. § 1391(a) because the Union has its principal place of business in this District.

5. This Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1337 over HVG's Petition in accordance with the provisions of Taft Hartley Labor Management Relations Act, 29 U.S.C. § 185 the Federal Arbitration Act, 9 U.S.C. § 1.

## BACKGROUND

6. On July 22, 2005, Huron Valley Glass LLC and Respondent entered into a collective bargaining agreement governing labor and employment relations between the two parties. A copy of this agreement is attached to the W&G/Stripp Memorandum.

7. Petitioners were not parties to the collective bargaining agreement.

8. Prior to May 2007, HVG contemplated installing windows that it manufactured at a project located at 1401 S. State Street in Chicago (the "1401 Project"). In accordance with the 2005 CBA, HVG representatives communicated with Union representatives about securing Union members to work on the project. However, the Union Business Agents did not suggest any particular labor contractor where HVG could find any such Union members who were not already engaged in other work. Nonetheless, at the Union's urging, HVG solicited bids from labor subcontractors it believed employed Union Glaziers. True and accurate copies of this correspondence are attached to the W&G/Stripp Memorandum.

9. None of those potential subcontractors responded to the HVG's requests for bids and HVG notified the Union of this fact. True and accurate copies of this correspondence are attached to W&G/Stripp Memorandum.

10. In response, the Union offered no members available for work and no companies having Union member employees with which HVG could contract for labor. Instead, it merely threatened to file a payment-in-lieu action. True and accurate copies of this correspondence are attached to the W&G/Stripp Memorandum.

11. The Union presented a grievance to the Committee alleging HVG violated the subcontracting clause of the 2005 CBA by subcontracting with J&D Erectors, a non-Glazier shop. True and accurate copies of the notice of hearing, hearing transcript and related documents are attached to the W&G/Stripp Memorandum.

12. On March 20, 2008, a Joint Arbitration Committee of the Association of Glazing Contractors and Painters District Council No. 14 and its Affiliate, Glaziers Architectural Metal and Glassworkers Local 27 presided over an arbitration hearing. The Joint Committee was comprised of representatives of the Union, and representatives of the Association of Glazing Contractors. Petitioners W&G, LLC and George Stripp were not given notice of the hearing and were not present.

13. On April 23, 2008, the Committee issued its Decision and Award, which found Petitioners W&G LLC and George Stripp to be jointly and severally liable for the award. True and accurate copies of the award, hearing transcript and related documents are attached to the W&G/Stripp Memorandum.

14. HVG is appealing from that decision pursuant to §10(a) of the FAA for the reasons more fully specified in the W&G/Stripp Memorandum.

15. This petition to vacate the award is brought within ninety (90) days of the time the award was issued.

**WHEREFORE** Petitioners, W&G, LLC and George Stripp respectfully request that the Court:

(a) enter an Order vacating the Committee's Decision and Award;

(b) Alternatively, Petitioners request that this Court modify the award or remand the Award back to the Committee to clarify its ruling or to conduct a full rehearing on the merits;

(c) Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

**W&G, LLC**, and **GEORGE STRIPP,** Petitioners

By: /s Scott Ruksaktiati
One of Their Attorneys

Dated: July 22, 2008

Scott Ruksakiati, Esq.
VANEK, VICKERS & MASINI, PC
Attorneys for Defendant W & G, LLC
225 West Washington Street
18th Floor
Chicago, Illinois 60606

5624584.1 28059/120606